Martin, J.
delivered the opinionof the court. The plaintiffs claim a negro woman and her offspring, as part of the estate of Mrs. Hicks's father, who died intestate, and whose only heir she is. The general issue is pleaded. In or- der to establish her title, the plaintiffs shew, by testimony, that the wench made part of the estate of her father-that he died intestate- and, that she was his only daughter and heir; but the witnesses depose, that the woman in dispute was assigned to the widow of the de- ceased, Mrs. Hicks's mother, as part of her dower-that the widow removed, after her hus- band's death, from Virginia to Tennessee, bring- West. District. Oct. *692 ing with her, among other property, the slave sued for. The plaintiffs shew that, by an act of the legislature of Virginia, a widow, who removes out of that state any slave assigned to her, as part of her dower, without the consent of the reversioner, forfeits such slave, and every other part of her dower, to the reversioner. Revised Code, 191. The district court gave judgment for the plaintiffs.
I. Baldwin for the plaintiffs, Wilson for the defendant.
It is neither alledged nor proven, that the re- moval of the slave was illegal, i. e. without the consent of the reversioner, and we are bound to presume that it was not so. For any thing that appears in the record, this must be presumed. It is true, that a negative fact is not susceptible of proof, and is necessarily presumed, when the party against whom it is alledged does not shew some positive fact, which overthrows the pre- sumption; but here the illegality of the removal is not alledged.
It is, therefore, ordered, adjudged and de- creed, that the judgment of the district court be annulled, avoided and reversed; and that there be a judgment of non-suit, with costs of court in both courts.